# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cr33-11

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| OTIS RORIE, JR., ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

THIS CAUSE came on to be heard and was heard before the undersigned, pursuant to a motion (#108) to withdraw as counsel for the defendant filed by the defendant's attorney, Raquel K. Wilson on June 18, 2007. In the motion, Ms. Wilson requests permission to withdraw as counsel for the defendant and states, "Undersigned counsel is of the opinion that communication has broken down between Mr. Rorie and counsel to the extent that counsel is no longer able to represent Mr. Rorie effectively". At the call of this matter on for hearing it appeared that the defendant was present with his attorney, Ms. Wilson and that the Government was present through Assistant United States Attorney Jill Rose and from the statements of Ms. Wilson, the defendant and the arguments of Ms. Wilson and the arguments of Assistant United States Attorney, the court makes the following findings:

**Findings:** Ms. Wilson advised the court that it was her opinion that there was such a conflict between the defendant and Ms. Wilson that is so great that it has resulted in a total lack of communication preventing an adequate defense on the part of the defendant. The defendant has been detained and as a result of his detention, he is residing in the Gaston County, NC detention facility. Ms. Wilson has made several trips to Gaston County, NC to

discuss the charges with the defendant and to obtain from the defendant information that Ms. Wilson considered was essential to defend the allegations against the defendant. During the visits where Ms. Wilson has traveled from Asheville, NC to Gaston County, NC, the defendant has declined to be forthcoming in regard to information that Ms. Wilson needed from the defendant to prepare an adequate defense. On Friday, June 15, 2007, Ms. Wilson traveled to the Gaston County to meet with the defendant. At that time, the defendant told Ms. Wilson that the investigating officer had done or said something that was significant in regard to the defendant's case and as a result of those statements, the defendant had become ill. The defendant further told Ms. Wilson that as a result of that illness, he did not feel well enough to visit with her. However, the defendant would not share any other details and insisted that Ms. Wilson would have to find out what the officer had said to the defendant from other sources. Ms. Wilson is of the opinion that the defendant does not wish to communicate with her based upon the fact that Ms. Wilson is a member of a racial minority and is a woman. On several occasions during the hearing Ms. Wilson stated that she was just not in a position where she could discuss the case with the defendant to the point that she could be prepared to present an adequate defense in this case.

    The undersigned **ex parte** discussed the matter with the defendant. Of particular concern to the court was the fact that the defendant is of the same racial minority as Ms. Wilson and the court could not discern why that the defendant would be reluctant to cooperate with Ms. Wilson in regard to the defense in this case. After consulting with the defendant **ex parte** the court developed the opinion that there was a conflict between the

defendant and Ms. Wilson that was preventing communication and was preventing an adequate defense.

Upon inquiry, the court found that this matter is set for trial for the week of July 9, 2007 which would be six business days from the date of the hearing in this matter considering the July 4, 2007 holiday.

**Discussion:** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. United States v Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v Slappy, 461 U.S. 1 (1983). In considering the motion herein, the undersigned has considered the following factors: (1) Timeliness of the motion; (2) Inquiry as to the reasons why Ms. Wilson had filed the motion to withdraw; and (3) Whether or not there is such a conflict between the defendant and Ms. Wilson that is so great that it has resulted in a total lack of communication preventing an adequate defense. United States v Gallop, 838 F.2d 105 (4th Cir. 1988).

The motion in this matter was filed on June 18, 2007 which would have been the next Monday after the short meeting that took place between Ms. Wilson and the defendant on Friday, June 15, 2007. At the time of the hearing of the motion on June 22, 2007, there are only six days of court that remain prior to the trial of this matter which is scheduled for July 9, 2007 due to the July 4, 2007 holiday. Considering all days, including weekends and

holidays, there are sixteen days. The undersigned discussed with Ms. Wilson the fact that there was only a very short time within which another attorney could be appointed and who could be prepared to defend the case by July 9, 2007. Ms. Wilson stated that she would provide her entire file, including all work and notes that she had made, and would assist and participate in bringing any new counsel that might be appointed up to speed so new counsel could be prepared by July 9 to represent the defendant. Despite these assurances, this factor was weighed by the undersigned against granting the motion.

The undersigned inquired as to the reasons for any conflict between the defendant and Ms. Wilson. As stated above, it appears that it is Ms. Wilson's opinion that the defendant does not have any confidence in her due to the fact that she is of a minority race and is a woman. Upon inquiry, the defendant advised the undersigned that if Ms. Wilson did not wish to represent him that he would also request that Ms. Wilson be allowed to withdraw and that other counsel be appointed in her place and stead. The undersigned gave great consideration to this factor and determined that due to the fact that Ms. Wilson is an experienced attorney and who has given great service to the Western District of North Carolina since her appointment as a federal defender that the undersigned should give Ms. Wilson's opinion great weight. As a result, the undersigned determined to weigh this factor in favor of granting Ms. Wilson's motion.

The court has further examined this matter to determine whether or not there is such a conflict between Ms. Wilson and the defendant that there is a total lack of communication between them preventing an adequate defense. In her statements to the court, Ms. Wilson

stressed repeatedly that she and the defendant did not have the kind of relationship whereby there could be any communication between them. She pointed to the fact that the defendant had declined to do what Ms. Wilson described as sharing information with her. This court discussed this matter with Ms. Wilson and the defendant and gave particular examples of cases where the undersigned, during his experience as a trial attorney, had represented defendants who had declined to provide information that could have assisted in their defense of a case. It was the undersigned's opinion that such defendants would have to face the consequences of that failure to provide information and any bad circumstances that occurred to a defendant was not the fault of that attorney. After providing these examples to Ms. Wilson and the defendant, Ms. Wilson was still of the opinion that there was such a total lack of communication that she could not provide a defense to the defendant. It was her opinion that she could not prepare for trial and she couldn't advise the defendant about what choices to make in the defense of the case because of this failure to provide information. After considering this matter, the undersigned has determined that there is such a conflict between Ms. Wilson and the defendant that there is a total lack of communication between them preventing a defense.

After considering all the above referenced factors, it appears there is little time before trial within which to appoint other counsel who has knowledge of the case that Ms. Wilson possesses. That as a result of the inquiry made by the undersigned, there is sufficient reason to appoint another attorney at that there does appear to be a lack of communication between Ms. Wilson and the defendant that would prevent an adequate defense. After weighing all

of the factors, the court has determined that their weight should be in favor of granting the motion of Ms. Wilson upon the condition that she agree to and comply with an order directing that she assist and cooperate with substitute counsel in preparing a defense in this matter such that the trial of this matter would not be delayed.

Based upon the foregoing, the undersigned has determined to enter an order allowing the motion to withdraw and motion for appointment of substitute counsel.

**ORDER**

IT IS, THEREFORE, **ORDERED** that the motion of Raquel K. Wilson entitled, "Ex Parte Motion to Withdraw as Counsel of Record and for Appointment of Substitute Counsel (#108) is hereby **ALLOWED** and that Ms. Wilson is hereby **ORDERED** and directed to, as expeditiously as possible, provide all discovery and other documents, photographs, reports and any other materials that Ms. Wilson has obtained in the investigation of this matter to substitute counsel and further that Ms. Wilson provide assistance to substitute counsel in preparing this matter for either trial or resolution by other means, such that the trial of this matter will not be continued from its scheduled trial time.

Signed: June 26, 2007

Dennis L. Howell
United States Magistrate Judge